■ In the Matter of ROBERT HOROWITZ et al., Petitioners, v ZONING BOARD OF APPEALS OF VILLAGE OF PATCHOGUE, Respondent, and BRUCE JIMMERSON et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Village of Patchogue, dated March 7, 1990, which denied the petitioners' application, *inter alia,* for a declaration that the present use of certain premises constitutes a single family dwelling under Village of Patchogue Code § 93-7A, Bruce Jimmerson, Alfonso Sozio, George Luther and Ralph Stoe appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Friedenberg, J.), dated October 2, 1990, which (1) dismissed the petition, and (2) denied that branch of their motion which was for leave to intervene in the proceeding as petitioners pursuant to CPLR 7802 (d).

Ordered that the order and judgment is modified, on the law and as a matter of discretion, by deleting the provision thereof which denied that branch of the appellants' motion which was for leave to intervene pursuant to CPLR 7802 (d), and substituting therefor a provision granting that branch of the motion; as so modified, the order and judgment is affirmed, without costs or disbursements.

We agree that the court erred in its determination that the

appellants lacked standing to intervene in the instant proceeding *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406). Nevertheless, after considering the papers submitted by the appellants in support of this proceeding, we find that the petition was properly dismissed. The Zoning Board's determination that the petitioners' use of the house did not constitute a single family dwelling and, therefore, violated the provisions of the Village Code, was supported by substantial evidence and was neither arbitrary, irrational, nor discriminatory. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.